FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jan 19, 2023
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY WADE JACKSON,                                                              PLAINTIFF

v.           Civil No. 4:22-CV-04117-SOH-BAB

CONNIE MITCHELL, Deputy Prosecuting Attorney;
JAMES ROSS, Probation Officer;
JAMES HEATH, Probation/Parole Officer; and
LOUIS WHITE, Area 12 Assistant Manager,
                                                                                   DEFENDANTS.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Timothy Wade Jackson, a pretrial inmate in the Miller County Detention Center, Miller County, Arkansas, filed the above-captioned civil rights action under 42 U.S.C. § 1983. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation. This Court previously granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 6). This matter is now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that this matter be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1). Accordingly, this Court also recommends that Plaintiff's Motion for Polygraph Exam, (ECF No. 5), be denied as moot.

**BACKGROUND**

Plaintiff's Complaint does not clearly set forth any grounds for relief, it lacks detail, and is missing page 6. (ECF No. 1). As this Court understands it, Plaintiff contends that he has been "falsely accused, falsely arrested, and falsely imprisoned." (ECF No. 1 at p. 4). Plaintiff claims that he was falsely charged with a probation violation on October 12, 2021, even though he was incarcerated at the MCDC on that date. *Id.* According to Plaintiff, his lawyer informed Defendant Connie Mitchell that he was being detained against his will and she acknowledged as much, but she reportedly responded by saying she was "ready to get this over with." *Id.* Plaintiff reports that he filed grievances against her multiple times, but she declined to help him. *Id.* Plaintiff claims that his continued detention violates the Eighth Amendment prohibition on cruel and unusual punishment and his procedural due process rights under the Fourteenth Amendment. *Id.* at pp. 5-6. Plaintiff further claims violations of the 1st, 5th, 6th, and 13th Amendments. *Id.* at p. 6. Plaintiff names the defendants in their individual capacities and requests compensatory damages.

A review of the publicly accessible Arkansas state court records system provides some much-needed context to this Complaint. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). According to these records, in March 2022, Plaintiff was charged by criminal information with one count of violating Ark. Code Ann. § 12-12-904(a) for failure to comply with sex offender registration requirements "on or about October 12, 2021." Criminal Information, *State v. Jackson*, 46CR-22-141 (Ark. Dist. Ct., filed Mar. 24, 2022) (AOC CourtConnect, Ark. Case Law). Defendant Connie Mitchell is the deputy prosecutor who signed the criminal information. *Id.* On December

2, 2021, Defendant Connie Mitchell as Chief Deputy Prosecutor, filed a petition to revoke his probation in case number 46CR-21-169, alleging that Plaintiff failed to report to probation as directed and failed to pay court fees as ordered. Petition for Revocation, *State v. Jackson*, 46CR-21-169-1 (Ark. Dist. Ct., filed Dec. 2, 2021) (AOC CourtConnect, Ark. Case Law). The recommendation to revoke Plaintiff's probation is signed by Defendant James Heath and Defendant Lois White. *Id.* According to the sentencing order in 46CR-21-169, after pleading guilty on October 12, 2021, to failure to comply with sex offender registration requirements in violation of Ark. Code Ann. § 12-12-904(a), the state circuit judge placed Plaintiff on probation. *State v. Jackson*, 46CR-21-169-1, Sentencing Order (Ark. Dist. Ct., Nov. 15, 2021).

Plaintiff's Complaint, viewed alongside these records, suggests that Plaintiff is claiming that his current pretrial incarceration in MCDC violates his constitutional rights because he could not have failed to comply with the sex offender registration requirements on or about October 12, 2021, as alleged in the criminal information in 46CR-22-141, because he was still in custody at that time on case number 43CR-21-169. This Court recommends that Plaintiff's Complaint be dismissed because such a claim is not a cognizable § 1983 claim.

## LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be

3

granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

The root of Plaintiff's Complaint is that his current detention is unlawful. This is not a cognizable § 1983 claim. A "§ 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). This legal principle applies in equal force to pretrial detainees, such as Plaintiff.

Here, Plaintiff makes no claims regarding the *conditions* of his pretrial confinement. Rather, his complaint is solely with the fact that he continues to be confined, a confinement he alleges is unconstitutional. In *Preiser*, the United States Supreme Court made clear that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. Although Plaintiff is a pretrial detainee, and not in custody pursuant to a state court judgment, this does not change the fact that the proper vehicle for challenging his confinement in federal court is

4

through a habeas petition. *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) ("It is well-established that federal district courts can entertain pretrial habeas petitions in which the petition asserts an impending state trial violates the Double Jeopardy Clause."); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241.").

Plaintiff is requesting money damages, not a release from custody, but this does not change the result. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 477.

Thus, pursuant to *Heck*, a claim for damages for an allegedly unlawful pretrial detention does not arise until (or unless) the detainee has successfully challenged that detention through habeas or some other proceeding. *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002). Because Plaintiff's sole claim concerns the fact of his detention and that detention has not been determined to be unlawful through some other mechanism, Plaintiff's Complaint should be dismissed.

## CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT**

**PREJUDICE** for failure to state a claim; (2) Plaintiff's Motion for Polygraph Exam be **DENIED as MOOT**; and (3) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this 19th day of January 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE