IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY WADE JACKSON                                                                                   PLAINTIFF

v.                                           Case No. 4:22-cv-04117

CONNIE MITCHELL, Deputy Prosecuting
Attorney; JAMES ROSS, Probation Officer;
JAMES HEATH, Probation/Parole Officer; and
LOUIS WHITE, Area 12 Assistant Manager                                                          DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on January 19, 2023, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 8. Also before the Court is Plaintiff Timothy Wade Jackson's Motion for Summary Judgment (ECF No. 9), Motion to Appoint Counsel (ECF No. 11), Motion to Voluntarily Dismiss Case (ECF No. 12), and Motion to Withdraw Motion to Dismiss (ECF No. 13). These matters are ripe for consideration.

The Court first looks to Judge Bryant's Report and Recommendation. Judge Bryant recommends dismissing Plaintiff's complaint (ECF No. 1) without prejudice for failure to state a claim and denying Plaintiff's Motion for Polygraph Exam (ECF No. 5) as moot. Plaintiff has not objected, and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1). Being well and sufficiently advised, and finding no clear error on the face of the record, the Court adopts the Report and Recommendation *in toto*.

The Court next turns to the four motions that Plaintiff filed after Judge Bryant issued his Report and Recommendation. Instead of timely filing specific objections to Judge Bryant's Report and Recommendation, Plaintiff has instead filed a motion for summary judgment, a motion to appoint

counsel, a motion to voluntarily dismiss the case, and a motion to withdraw his motion to voluntarily dismiss the case. The Court addresses each in turn.

In Plaintiff's Motion for Summary Judgment (ECF No. 9), he recites the familiar summary judgment standard but does not offer any factual support for summary judgment. He instead simply states that he "would like for the opposing parties to do the Polygraph Examination Test and the oath statement under oath." ECF No. 9, at 2. Because the Court adopts the Report and Recommendation *in toto*, dismissing Plaintiff's complaint in its entirety, Plaintiff's request for summary judgment is moot. Accordingly, the Court finds that Plaintiff's Motion for Summary Judgment should be denied.[1]

Plaintiff's Motion to Appoint Counsel (ECF No. 11) is also moot. Plaintiff asks the Court to appoint counsel to represent him in this case, stating that he needs assistance with "research and investigation" and with cross-examination at trial. ECF No. 11. As explained above, the Court hereby adopts Judge Bryant's Report and Recommendation *in toto*, dismissing Plaintiff's complaint for failing to state a non-frivolous claim. Accordingly, because the instant action is being dismissed, Plaintiff's request for counsel to assist him with his now-dismissed claims is moot.[2]

Plaintiff's final two motions are interrelated, and the Court considers them in conjunction with one another. On February 14, 2023, Plaintiff filed a motion labeled as "A Motion to Compel," which the Clerk of Court construed as a motion to voluntarily dismiss his case. *See* ECF No. 12. In the motion, Plaintiff requests Defendants' production of documents and states that he is propounding interrogatories on Defendants, although he did not attach or otherwise file any interrogatories. ECF

---

[1] To the extent that Plaintiff intends the motion to be an objection to Judge Bryant's Report and Recommendation—specifically, to Judge Bryant's recommendation that the Court deny Plaintiff's Motion for Polygraph Exam—Plaintiff "does not point the Court to any specific error of fact or law" in the Report and Recommendation. Accordingly, that objection is "not specific enough to trigger de novo review" and is overruled. *Lowery v. Walker*, No. 4:18-cv-4108, 2019 WL 5889304, at *2 (W.D. Ark. Nov. 12, 2019).

[2] Furthermore, "[a] pro se litigant in a civil case does not have a statutory or constitutional right to appointed counsel. The Court may, in its discretion, appoint counsel if the pro se prisoner has stated a non-frivolous claim and 'the nature of the litigation is such that plaintiff as well as the [C]ourt will benefit from the assistance of counsel.'" *Block v. Kerstine*, No. 2:22-cv-00184, 2023 WL 348357, at *1 (E.D. Ark. Jan. 20, 2023) (citations omitted). Here, as explained above, Plaintiff brings only frivolous claims, and the Court, in its discretion, declines to appoint counsel.

No. 12, at 1. He also submits a signed affidavit in which he states that he no longer wishes to proceed with the prosecution of the instant matter. ECF No. 12, at 2. Then, on February 23, 2023, Plaintiff filed a motion titled "Motion to Object," which the Clerk of Court construed as a motion to withdraw his motion to voluntarily dismiss the case. *See* ECF No. 13. Plaintiff contends that he "will never voluntarily dismiss a case." ECF No. 13. He further states that he merely attached the affidavit (ECF No. 12, at 2) "to prove and show and [sic] the Courts know that I am for real and that everything and all thing [sic] are true also the Courts know I am for real about the Poly-graph Examination Test and also to sware [sic] under oath I am willingly [sic] to go all the way with this matter." ECF No. 13. Plaintiff then again asks the Court to appoint counsel. ECF No. 13.

Despite Plaintiff's contention that he did not intend to voluntarily dismiss his complaint, the Court cannot ignore the fact that he signed an affidavit in which he stated, under oath, that he wished to dismiss the instant action. *See* ECF No. 12, at 2. Nevertheless, a plaintiff cannot "frustrate Congress's intent in enacting the [Prison Litigation Reform Act (PLRA)] by voluntarily dismissing a complaint when it appears the complaint will be unsuccessful." *Doshier v. Dallas Cnty. Det. Facility*, No. 5:16-cv-00315, 2018 WL 4088021, at *2 (E.D. Ark. Aug. 27, 2018). That is, a plaintiff cannot avoid a "strike" within the meaning of the PLRA by voluntarily dismissing his complaint after the magistrate judge has recommended dismissal for failure to state a claim. *See id.*; *see also Smith v. Williams*, No. 4:22-cv-171, 2022 WL 17327353, at *3 (N.D. Fla. Oct. 20, 2022) ("Allowing a voluntary dismissal—after this court has completed screening of the complaint and determined that the case is subject to dismissal—would enable Plaintiff to frustrate Congress's intent in enacting the PLRA, which is to discourage prisoners from filing baseless lawsuits."). Accordingly, the Court need not decide whether Plaintiff intended to voluntarily dismiss this action or not because even if he did, voluntary dismissal is inappropriate following Judge Bryant's recommendation of dismissal. *See, e.g.*, *Doshier*, 2018 WL 4088021, at *2. Plaintiff's Motion to Voluntarily Dismiss Case (ECF No. 12) and Motion to Withdraw Motion to Dismiss Case (ECF No. 13) should both be denied.

3

As a final matter, the Court is cognizant of the fact that it must construe Plaintiff's filings liberally, as he is a pro se litigant. *See, e.g.*, *Nhan Van Nguyen v. Hobbs*, No. 2:13-cv-02035, 2013 WL 2285861, at *1 (W.D. Ark. May 23, 2013). Still, this leniency has its limits. It is not the Court's responsibility to "assume the role of advocate," and Plaintiff still must comply with substantive and procedural rules and "submit motions that are substantively cognizable." *See, e.g.*, *Klein v. Wings Over the World Ministries*, No. 2:12-cv-23, 2013 WL 5775773, at *3 (D. Utah Oct. 25, 2013). Here, Plaintiff's motions are mislabeled and contradictory to one another, requiring the Court to guess what Plaintiff is asking for. Even when construing them liberally, all four motions are without merit.

Accordingly, Plaintiff's complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk of Court is hereby **DIRECTED** to place a § 1915(g) strike flag on the case for future judicial consideration. Further, Plaintiff's Motion for Polygraph (ECF No. 5), Motion for Summary Judgment (ECF No. 9), and Motion to Appoint Counsel (ECF No. 11) are hereby **DENIED AS MOOT**. Finally, Plaintiff's Motion to Voluntarily Dismiss Case (ECF No. 12) and Motion to Withdraw Motion to Dismiss Case (ECF No. 13) are hereby **DENIED**.

**IT IS SO ORDERED**, this 3rd day of March, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge